**Robert E. NASCHAK, Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, United States Medical Center, Springfield, Missouri, Respondent.**

No. 12161.

United States District Court
W. D. Missouri, W. D.

Dec. 22, 1958.

Robert E. Naschak, pro se.

Edward L. Scheufler, U. S. Atty., John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

R. JASPER SMITH, District Judge.

Petitioner, on December 2, 1958, forwarded to the Court a letter communication which, while informal, we construe to be a petition for writ of habeas corpus.

In general, the petitioner asserts that he was committed on order of the United States District Court for the District of New Jersey until he became mentally competent to stand trial (Sections 4244 and 4246, Title 18, U.S.C.A.); that on September 18, 1958, he appeared before the Psychiatric Staff of the U. S. Medical Center for Federal Prisoners for examination; that he was declared mentally competent to stand trial by that staff; that he has not been returned to the United States District Court for the District of New Jersey; and that his continued detention there is unlawful and is depriving him of his constitutional right to speedy trial.

In response to order to show cause why *the writ of habeas corpus should not* issue, respondent in effect admits the allegations of the complaint; and avers that in the opinion of the Psychiatric Staff, "although this man is still mentally ill, that his improvement has been such that he is capable of cooperating with his lawyers in his own defense and

understanding the proceedings against him."

The response contains further information of such pertinency as to warrant quoting verbatim:

"* * * (C)opies of the neuro-psychiatric report of September 22, 1958 were forwarded to the Bureau of Prisons, from whence they were referred to the committing court. Receipt was acknowledged by the United States Attorney for the committing court, who stated arrangements would be made to move the matter before the court as soon as a full criminal calendar would permit. The latest advice from the United States Attorney for the District of New Jersey under date of December 10, 1958, is that he is conferring with the Department of Justice on this case and that in any event it would be impossible to set this matter down for trial before the first of the year."

This statement of facts is so apt in its illustration of a condition not uncommon in this district as to justify more than passing comment.

■ Sections 4244 and 4246 of Title 18 are not intended and may not be construed as giving the Attorney General authority to make the Medical Center for Federal Prisoners in Springfield, Missouri, a convenient custody receptacle for persons accused of crime, but who in the opinion of the experts stationed there are not incompetent to stand trial. We who are charged with the responsibility of protecting Constitutional and legal rights of persons confined there expect to see that the purposes of those sections are not so distorted.

■ Here, petitioner was committed "until the accused shall be determined to be mentally competent to stand trial or until the pending charges against him are disposed of according to law." The report of the psychiatrists indicates a state of present competency. Petitioner is therefore entitled, as a matter of immediate right, to be returned to the committing court for disposition of his case as is contemplated by law.

So long as he is confined at the Medical Center he is being deprived of his right to speedy trial; so long as he is confined there he is being deprived of his right to bail; so long as he is confined there he is being deprived of his right to confer with counsel in the preparation of his own defense.

It Is Ordered that petitioner forthwith be returned to the committing court, the United States District Court for the District of New Jersey for such proceedings there as are required by law. It Is Further Ordered, that if he has not been so returned within ten days from the date of this order, he shall be discharged from custody. If he is discharged from custody, respondent is directed to provide him with transportation and subsistence allowances to his place of abode as authorized by law.